UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK D. POWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-00992-JMS-KMB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C.
§ 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

This Court sentenced Frank Powell to 234 months in prison after he pled guilty in 2020 to conspiracy to commit wire fraud, attempted bank fraud, and aggravated identity theft. Crim. dkt.[1] 211. He asks the Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. However, Mr. Powell filed his § 2255 motion outside the one-year limitation period, and he has not demonstrated that he made reasonable efforts throughout the limitation period to pursue relief under § 2255. Therefore, he is not entitled to equitable tolling, and his petition is denied as untimely.

**I. Background**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The one-year limitation period begins to run upon the latest of four triggering events. *Id.* The relevant event in this case is the date when Mr. Powell's judgment of conviction became final. 28 U.S.C. § 2255(f)(1).

---

[1] *United States v. Frank D. Powell*, No. 1:18-cr-00156-JMS-MG.

When a defendant never appeals, the conviction becomes final when the deadline to file a notice of appeal expires. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). This Court entered judgment in Mr. Powell's criminal case on July 22, 2020. Crim. dkt. 211. The deadline to file his notice of appeal was 14 days later, August 5, 2021. Fed. R. App. P. 4(b)(1)(A)(i). That deadline expired the following day, when Mr. Powell did not file a notice of appeal. The last day he could file his § 2255 motion came one year later, August 5, 2021. Mr. Powell did not file his § 2255 motion until more than nine months later, on May 16, 2022. Dkt. 1.

## II. Equitable Tolling

The AEDPA statute of limitations "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Equitable tolling is 'rare' and 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Boulb v. United States*, 818 F.3d 334, 340 (7th Cir. 2016) (quoting *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir.2014)). "To qualify for equitable tolling then, a petitioner must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 339–40 (quoting *Holland*, 560 U.S. at 649).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (cleaned up). Importantly, the movant must show "reasonable effort *throughout the limitations period*." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) (emphasis added). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). The petitioner cannot satisfy this burden with "mere conclusory allegations of diligence" but must instead offer "specific evidence." *Mayberry*, 904 F.3d at 531.

### III. Discussion

Mr. Powell asserts that, after he was sentenced, he was held in a county jail, then in two Indiana prisons, then multiple jails as he was transferred to federal custody. During this time, he says, he did not have access to the "federal paperwork" he needed to prepare a § 2255 motion. Dkt. 1 at 15. The criminal docket does not reflect, however, that Mr. Powell contacted the Court to request any documents, and he does not describe any efforts to obtain them from his attorney in the criminal case.

In June 2021, Mr. Powell filed a motion in his criminal case requesting an extension of time to file a § 2255 motion. Crim. dkt. 244. The Court denied the motion in July 2021, weeks before the deadline. Crim. dkt. 246. The Court explained that § 2255 does not allow for extensions of the limitation period, warned that equitable tolling is available only if the petitioner demonstrates that he has pursued his rights diligently, and sent him a form to use in filing his motion. *Id.* Still, Mr. Powell did not file his motion until nine months after the deadline.

During those nine months, Mr. Powell litigated other issues. In August 2021, Mr. Powell filed a motion asking the Court to order that jail credit be applied to his sentence. Crim. dkt. 248. In October 2021, Mr. Powell, filed a motion seeking compassionate release under the First Step Act. Crim. dkt. 250. Mr. Powell's litigation of those issues reflects that he had the abilities and materials necessary to pursue some rights, but he did not diligently pursue relief under § 2255 until months later.

Finally, Mr. Powell states that, once he arrived at a federal penitentiary, he was unable to prepare a § 2255 motion due to a "COVID-19 lockdown." Dkt. 1 at 15. Yet, Mr. Powell's filings in the criminal case reflect that he reached federal prison no later than August 18, 2021. Crim. dkt. 248-2. Mr. Powell does not explain how COVID-19 restrictions prevented him from preparing a

§ 2255 motion but permitted him to prepare and file his motions for jail credit and First Step Act relief.

A § 2255 movant seeking equitable tolling must show "reasonable effort *throughout the limitations period*." *Mayberry*, 904 F.3d at 531 (emphasis added). The criminal docket and Mr. Powell's submissions in this case do not reflect that he made any efforts to pursue relief under § 2255 until June 2021, just weeks before the limitation period was to expire. Further, Mr. Powell chose to pursue other avenues of relief after the Court warned that the limitation period could not be extended and that his diligence would determine the availability of equitable tolling. The Court cannot find that Mr. Powell pursued § 2255 relief with reasonable diligence and therefore cannot equitably toll the limitations period.

## IV.  Conclusion

Mr. Powell is not entitled to relief on his § 2255 motion because it is barred by the statute of limitations. His motion for relief pursuant to § 2255 is **DENIED**, and this action is **dismissed with prejudice**. The **clerk is directed to enter** final judgment; to docket a copy of this order in the criminal case, No. 1:18-cr-00156-JMS-MG-1; and to **terminate** the pending § 2255 motion (dkt. [278]) in the criminal case.

## V.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Powell has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional

4

right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 12/15/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

FRANK D. POWELL
16358028
GILMER - FCI
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
maryann.mindrum@usdoj.gov